# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EDGARD R. MARTINEZ,<br> Appellant, | DOCKET NUMBER<br>AT-0831-15-0749-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br> Agency. | DATE: August 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edgard R. Martinez, The Villages, Florida, pro se.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that his annuity under the Civil Service Retirement System (CSRS) was correctly offset by a portion of the benefit he was eligible to receive

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

from the Social Security Administration (SSA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant performed Federal service from July 1, 1979, to November 2, 1984. Initial Appeal File (IAF), Tab 4 at 36. After a break in service, he returned to Federal service on May 24, 1999, and retired effective September 4, 2014, at age 74.[2]  *Id.* at 35-36. The appellant applied to OPM for CSRS retirement annuity benefits. *Id.* at 39-47. OPM sent a letter to the appellant notifying him that it had authorized payment of his CSRS retirement annuity, but that it was required by law to reduce his annuity because he was eligible to

---

[2] The appellant retired from the position of Associate General Counsel at the Architect of the Capitol. IAF, Tab 4 at 39. Although he correctly notes that the administrative judge erroneously stated that he most recently performed Federal service with the Department of Agriculture, the administrative judge's error does not affect the outcome of this case. Petition for Review (PFR) File, Tab 1 at 4; IAF, Tab 12, Initial Decision (ID) at 2; *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

receive Social Security benefits. *Id.* at 12. In an initial decision, OPM explained its calculation of the offset amount applied to his CSRS retirement annuity and informed him of his right to request reconsideration. *Id.* at 9-11. The appellant requested reconsideration, *id.* at 17-25, and OPM affirmed its initial decision, *id.* at 6-8.

¶3 The appellant filed an appeal of OPM's reconsideration decision and requested a hearing. IAF, Tab 1. He argued that, under the Windfall Elimination Provision (WEP) of the Social Security Act, he was excluded from any requirement to reduce the amount of his CSRS retirement benefits. IAF, Tab 1 at 12-18, Tab 9 at 3-5, 14-17; 42 U.S.C. § 415(a)(7)(D). He also raised several allegations of constitutional violations, including a violation of due process. IAF, Tab 9 at 5-14, 18-21, Tab 11 at 3-4. During a prehearing conference, the appellant withdrew his request for a hearing. IAF, Tab 10 at 1.

¶4 In an initial decision based on the written record, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID) at 1, 5. He found that OPM correctly reduced the appellant's CSRS retirement annuity by a portion of his Social Security benefits. ID at 3. He further found that the WEP applies only to the calculation of Social Security benefits and not to the calculation of CSRS retirement benefits. ID at 4. Finally, he found that OPM afforded the appellant procedural due process and denied the appellant's remaining constitutional and contractual arguments. ID at 4-5.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-2. The agency has responded in opposition. PFR File, Tab 7. The appellant has filed a reply to the agency's response. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  The appellant bears the burden of proving by preponderant evidence[3] his entitlement to a retirement annuity benefit. *Allen v. Office of Personnel Management*, 77 M.S.P.R. 212, 216 (1998); 5 C.F.R. § 1201.56(b)(2)(ii). Payments of money from the civil service retirement fund are limited to those authorized by statute. *Allen*, 77 M.S.P.R. at 216. Neither the Board nor OPM has discretion to change the eligibility requirements for any retirement benefit. *Id.* Moreover, OPM's interpretation of the statutes that it administers is entitled to considerable weight, especially when there are no compelling reasons to conclude that such an interpretation is erroneous or unreasonable. *Andrada v. Office of Personnel Management*, 74 M.S.P.R. 226, 233, *aff'd*, 132 F.3d 55 (Fed. Cir. 1997) (Table).

¶7  The CSRS Offset is a version of the CSRS for employees whose service is subject to deductions for both the CSRS and the Old Age, Survivors, and Disability Insurance program under the Social Security Act. 5 U.S.C. § 8349; *Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 2 (2011), *aff'd per curiam*, 493 F. App'x 105 (Fed. Cir. 2013); 5 C.F.R. §§ 831.1001, 839.102. As the administrative judge properly found, the appellant was a CSRS‑Offset employee entitled to Social Security benefits, and thus, OPM was required to reduce his CSRS retirement annuity under 5 U.S.C. § 8349(a)(1) and 5 C.F.R. § 831.1005(a). ID at 3. The record shows that the appellant was properly placed in the CSRS Offset plan when he rejoined the Federal service in 1999. IAF, Tab 4 at 44; *Warren*, 116 M.S.P.R. 554, ¶ 7 (observing that an employee who was formerly employed under CSRS, is rehired after a break in service of more than 365 days, and who has at least 5 years of creditable civilian service as of December 31, 1986, generally will be placed in CSRS Offset). The record also

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

shows that the appellant was entitled to Social Security benefits. IAF, Tab 4 at 27.

¶8　　In his petition for review, the appellant does not dispute his placement in the CSRS Offset or his eligibility for Social Security benefits. Instead, he reasserts that, under the WEP, he was excluded from any required reduction of his CSRS retirement annuity because he paid into the Old Age, Survivors and Disability Insurance program under the Social Security Act for more than 30 years. PFR File, Tab 1 at 2, 14, Tab 8 at 4; 42 U.S.C. § 415(a)(7)(D). As the administrative judge correctly found, the WEP applies only to the calculation of Social Security benefits and has no application to the calculation of benefits under the CSRS. ID at 4. The appellant's belief that Congress intended to provide certain employees with full retirement benefits via the WEP, without more, does not provide a reason to disturb this finding. PFR File, Tab 8 at 3-4; *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 7 (2016) (observing that the starting point for statutory construction is the language of the statute, which, if clear, must control absent plainly expressed legislative intent to the contrary). Thus, the appellant has failed to prove his entitlement to a full, unreduced CSRS retirement annuity.

¶9　　The appellant reiterates his constitutional arguments on review, including his allegation that OPM's reduction of his "CSRS vested pension" was an unconstitutional "taking without just compensation."[4] PFR File, Tab 1 at 5-18, Tab 2 at 1-7, Tab 8 at 2-4. As stated above, OPM was required to reduce the appellant's CSRS retirement annuity under 5 U.S.C. § 8349. The Board has held consistently that it lacks the authority to adjudicate the constitutionality of statutes. *E.g.*, *Malone v. Department of Justice*, 14 M.S.P.R. 403, 406 (1983)

---

[4] The appellant also asserts that OPM's lack of response to his constitutional arguments means that it concedes them. PFR File, Tab 8 at 1. However, OPM cannot concede these arguments because they are legal conclusions. *Heath v. U.S. Postal Service*, 107 M.S.P.R. 366, ¶ 6 (2007) (finding that the parties could not stipulate to Board jurisdiction because it was a legal conclusion).

(stating that it is well settled that administrative agencies are without authority to determine the constitutionality of statutes). Thus, we decline to consider the constitutionality of 5 U.S.C. § 8349.[5]

¶10 The cases cited by the appellant on review do not suggest that the Board has authority to review the constitutionality of statutes. He first cites to *Elgin v. Department of the Treasury*, 132 S. Ct. 2126, 2139 (2012), in which the U.S. Supreme Court held that the U.S. Court of Appeals for the Federal Circuit had the authority to review the constitutionality of the Civil Service Reform Act of 1978. PFR File, Tab 1 at 7-8. However, in *Elgin*, 132 S.Ct. at 2136, the Supreme Court declined to address the Board's position that it lacks the authority to declare a statute unconstitutional. Next, the appellant cites to *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504 (1981), to argue that the offset for Social Security benefits deprives him of a "vested retirement benefit." PFR File, Tab 1 at 13‑14. However, *Alessi*, 451 U.S. at 522-26, is not relevant to this appeal because it was decided under the Employee Retirement Income Security Act of 1974, which does not apply to Government plans. 29 U.S.C. § 1003(b)(1). In addition, he cites to *In re Tam*, 808 F.3d 1321, 1357-58 (Fed. Cir. 2016), in which the Federal Circuit held that a section of the Lanham Act was unconstitutional under the First Amendment. PFR File, Tab 2 at 1, 3-7. However, the court's holding in that case does not affect the Board's lack of authority to decide the constitutionality of a statute.

---

[5] The appellant also argues that OPM's regulation requiring a reduction in a CSRS retirement annuity is contrary to law. PFR File, Tab 8 at 4; *see* 5 C.F.R. § 831.1005(a). We find that the language of 5 U.S.C. § 8349(a)(1) is clear and unambiguous in mandating a reduced retirement annuity for certain employees upon their eligibility for Social Security benefits. *Johnson v. Department of Health & Human Services*, 86 M.S.P.R. 501, ¶ 10 (2000) (observing that if the intent of a statute is plain from its language, the Board will give effect to the clearly expressed intent), *aff'd per curiam*, 18 F. App'x 837 (Fed. Cir. 2001), *and aff'd sub nom. Delong v. Department of Health & Human Services*, 264 F.3d 1334 (Fed. Cir. 2001). Thus, OPM's regulation is consistent with congressional intent and valid.

¶11       Although the Board is without authority to determine the constitutionality of statutes, the Board may review the constitutionality of an agency's application of a statute. *May v. Office of Personnel Management*, 38 M.S.P.R. 534, 538 (1988). Thus, we may consider whether OPM's reduction of the appellant's CSRS retirement annuity in this case complied with the constitutional requirements of due process. *E.g.*, *id.* (determining whether OPM complied with due process in discontinuing the appellant's disability annuity benefits). Benefits that are a matter of statutory entitlement for persons qualified to receive them may not be terminated without affording the recipient procedural due process. *Id.*

¶12       Here, the administrative judge properly found that the appellant received procedural due process.[6] ID at 5; *May*, 38 M.S.P.R. at 539 (stating that the essence of due process is notice and an opportunity to respond). OPM provided him with 30 days to request reconsideration of the initial decision and to submit supporting evidence. IAF, Tab 4 at 10-11. The record shows that the appellant requested reconsideration and submitted additional documentation in support of his request. *Id.* at 17-25. The appellant does not challenge the administrative judge's finding on review, and we find no reason to disturb it.[7] Further, the

---

[6] To the extent that the appellant attempts to incorporate on petition for review arguments he made below but that he has not rearticulated, we decline to consider these arguments. PFR File, Tab 1 at 9‑10; *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record that demonstrates the error).

[7] Although the appellant claims that OPM violated his due process rights by not responding to his discovery requests, this is a discovery issue rather than a due process argument. PFR File, Tab 1 at 10-11, Tab 8 at 2. The appellant filed a motion for sanctions below, arguing that the agency had failed to respond to discovery. IAF, Tab 6. However, he withdrew that motion after he received OPM's response file. IAF, Tab 7. He later asserted in his close-of-record brief that OPM had failed to respond completely to his discovery requests, but did not file a motion to compel. IAF, Tab 11 at 3‑4. Because he failed to file a motion to compel below, we need not address this discovery dispute on review. *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

appellant has not alleged that the agency failed to provide him with any statutory, regulatory, or agency procedures. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (observing that, in addition to the right to due process, "[p]ublic employees are . . . entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure").

¶13    Finally, the appellant alleges that OPM and the administrative judge were politically motivated based on their decisions. PFR File, Tab 1 at 6. The Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). We find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (observing that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators). Similarly, we find that the appellant's conclusory allegation of OPM's bias, without more, does not support an inference of bias. *Thompson v. Office of Personnel Management*, 81 M.S.P.R. 677, ¶¶ 6-8 (1999) (finding that an administrative judge's failure to adjudicate an appellant's claim that OPM discriminated against him in the calculation of his annuity was harmless error because the OPM employee who calculated the annuity correctly did so pursuant to the applicable statute, a nondiscretionary function).

¶14    Accordingly, we find that the administrative judge properly affirmed OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.